UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN JONES,

        Plaintiff,

v.

CITY OF WARREN,
WARREN POLICE SGT. JEFFREY
PIEROG, and WARREN POLICE
OFFICER JOHNSON, in their Individual
and Official Capacities,

        Defendants.
_____/

Case No. 11-15330

Paul D. Borman
United States District Judge

## OPINION AND ORDER (1) BIFURCATING THE LIABILITY AND DAMAGES PHASES OF THE TRIAL and (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* (ECF NO. 45)

Before the Court is Plaintiff's Motion *in Limine*. (ECF No. 45.) Defendants filed a Response. (ECF No. 46.) The Court has concluded that oral argument will not assist the Court in deciding the issues raised in the motion and therefore will resolve the matter on the parties' written submissions. E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow the Court (1) ORDERS bifurcation of the liability and damages phases of the trial in this matter and (2) GRANTS IN PART AND DENIES IN PART Plaintiff's Motion *in Limine*.

**I.**     **INTRODUCTION**

Trial in this 42 U.S.C. § 1983 case is scheduled to begin on July 21, 2015. Plaintiff claims that Sgt. Pierog and Officer Johnson violated his constitutional rights when they used excessive force

1

in arresting Plaintiff, who was offering no active resistance. Specifically, Plaintiff claims that the force used included a gratuitous "stomp" to Plaintiff's left knee, which caused his left knee patellar tendon to rupture, necessitating surgery and causing Plaintiff both economic and non-economic damages. The officers respond that neither one of them "stomped" on Plaintiff's knee and argue that Plaintiff's knee injury occurred either as he tried to jump a brick wall while fleeing from them or as he was pulled off the wall by officers and fell to the ground.

Plaintiff has filed a motion *in limine* seeking to preclude six "categories" of evidence: (1) date of employment of Plaintiff's attorneys; (2) prior injuries and/or unrelated medical condition of Plaintiff other than as directly related to injuries complained of in this action; (3) other claims and/or litigation; (4) attorney advertising; (5) prior convictions that are not felonies or involve crimes of dishonesty or false statement or are beyond the 10 year requirement; and (6) reference to the defense medical exam as an "Independent" medical exam.

Defendants have agreed not to oppose the motion to exclude evidence falling into categories (1), (4) or (6) and therefore the Court GRANTS Plaintiff's motion to exclude such evidence. Thus, the only categories of evidence that remain contested are (2) and (3), which seek to exclude the same type of evidence, *i.e.* evidence related to prior injuries and/or claims/litigation related to those injuries, and will be analyzed together, and (5), which seeks to exclude evidence of prior crimes and/or convictions.

The Court DENIES the motion to exclude these general categories of evidence, both of which the Court finds could be relevant, but only to Plaintiff's damages claim. Because the Court cannot determine from Plaintiff's motion the exact nature of the evidence Defendants propose to introduce on these issues, the Court reserves until the damages phase of the trial any ruling on the admissibility

of any particular testimony and/or exhibits that may fall into one of these two categories of evidence.

## II. STANDARD OF REVIEW

"The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions in limine – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).

## III. ANALYSIS

### A. Bifurcation of the Liability and Damages Phases of the Trial

The United States Court of Appeals for the Sixth Circuit has summarized the relevant considerations for ordering bifurcation of a trial under Fed. R. Civ. P. 42(b):

> A court may bifurcate a trial in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. In determining whether separate trials are appropriate, the court should consider several facts, including the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.

*Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (internal citations and quotation marks omitted); *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (recognizing that a decision to bifurcate is discretionary and need only meet one of the criteria of Rule 42(b) and noting that the decision to bifurcate a trial can be made on the court's own motion).

The Court finds, particularly in light of the nature of the evidence that Defendants seek to introduce that bears only on the issue of damages, that both judicial economy and avoidance of

prejudice to the Plaintiff would be served by bifurcation of the liability and damages phases of the trial in this case. Accordingly, proceedings will commence as scheduled on July 21, 2015, with a trial on the issue of liability. If the jury returns a verdict in favor of Plaintiff on the issue of liability, trial will immediately commence, with the same jury, on the issue of damages.

This Order does not prevent the introduction of otherwise admissible evidence, during the liability phase of trial, which bears on the nature and extent of Plaintiff's physical injuries allegedly sustained as a result of his claim of excessive force. *See Martin v. Heideman*, 106 F.3d 1308, 1311-12 (6th Cir. 1997) (finding an abuse of discretion in trial court's exclusion of evidence, during the liability phase of a bifurcated trial in a § 1983 excessive force case, of the nature and severity of plaintiff's injuries). The Court will permit Plaintiff to put before the jury in the liability phase of the trial all evidence that bears on the nature and extent of his injuries stemming from this claimed incident of excessive force, as the jury must be permitted to assess the severity of the injury when determining the reasonableness of the amount of force used. *Martin*, 106 F.3d at 1312. Challenges to the admissibility of proffered medical or non-medical evidence which relates solely to Defendants' refutation of Plaintiff's claimed economic and non-economic damages, will be addressed by the Court in the damages phase of the trial.

### B.     Plaintiff's Motion *in Limine*

Plaintiff's motion *in limine* seeks to exclude general categories of evidence but does not identify the specific testimony and/or exhibits that he seeks to exclude. Additionally, although the Court forewarned the parties that motions *in limine* must contain citations to relevant supporting authority and not just barebones citations to the Federal Rules of Evidence, Plaintiff's motion does just that. It contains no legal reasoning beyond catch-all claims of "lack of relevance" and

4

"prejudice," and provides not one citation to relevant caselaw or authority beyond bare citations to Federal Rules of Evidence 402 and 403. Moreover, Plaintiff did not deem it important to reply to Defendants' response, which did cite relevant authority in support of the categories of evidence it seeks to introduce, to attempt to distinguish the authority relied upon by the Defendants. Notwithstanding Plaintiff's lack of effort, the Court will address the issues raised in the motion.

### 1. Evidence regarding Plaintiff's prior injuries or claims of disability related to those prior injuries.

Plaintiff suggests, without explication, that evidence of "prior injuries" or "other claims, including social security claims," are irrelevant and baldly asserts that the prejudicial effect of such evidence would outweigh any probative value. The Court disagrees.

The Court assumes, based on Defendants' response, that Defendants may seek to introduce evidence of Plaintiff's prior injury to his *right* knee (not claimed to have been injured in this excessive force case) and of the resulting disability that Plaintiff claimed as a result of that prior right knee injury. Although the Court will reserve ruling on any particular testimony or exhibits that fall into this category, the Court concludes that such evidence may be relevant to Plaintiff's claim for economic and non-economic damages (disability and loss of income/wage earning potential).

While irrelevant to the nature and extent of the injury to Plaintiff's left knee, and therefore not relevant to any issue in the liability phase of the trial, evidence relating to a November, 2009, right knee injury and any resultant claim of disability related to the condition of Plaintiff's right knee that preceded the injury to his left knee claimed here, could be relevant to the issue of Plaintiff's claimed damages and thus may be admissible in the damages phase of the trial. This evidence could be particularly relevant, assuming the facts averred in Defendants' response are established

at trial: if Plaintiff underwent knee surgery for a right knee injury just 6 months before his September 27, 2010 arrest, and his right knee injury was still symptomatic, and Plaintiff was still treating for that unresolved injury, just 5 days before his arrest in this case.

Because the Court has no indication of how Defendants intend to introduce the evidence regarding Plaintiff's right knee injury and resultant disability claim, or what form such evidence will take, a ruling on the admissibility of any particular testimony or exhibits on this subject will be deferred until trial. *See McConnell v. Hirschbach Motor Lines, Inc.*, No. 11-00153, 2013 WL 5671057, at *1 (M.D. La. Oct. 15, 2013) (finding evidence of plaintiff's right elbow and right great toe injuries irrelevant to evaluating his left sided injuries caused in the subject accident but finding that his medical and impairment history was probative of the nature and extent of his claimed damages and therefore relevant to plaintiff's claim for past and future loss of wages and earning capacity, but deferring a ruling to trial).

Accordingly, the Court DENIES Plaintiff's motion *in limine* to exclude such evidence. Such evidence will be admissible, if at all, only in the damages phase of the trial and of course remains subject to exclusion based upon the Court's determination of its probative value balanced against its prejudicial effect. *See* Fed. R. Evid. 403.

2.  **Evidence of Plaintiff's prior convictions.**

Plaintiff states, again without analysis, that "any" evidence of Plaintiff's prior criminal convictions or arrests, and any questioning or reference to Plaintiff's prior criminal history, is "improper and inadmissible" under Fed. R. Evid. 609. The Court disagrees. Fed. R. Evid. 609 applies to the use of certain evidence of criminal conduct for impeachment purposes but does not bar the use of such evidence "for other purposes," as allowed by Fed. R. Evid. 404(b). *See, e.g.,*

*United States v. Burrell*, 289 F.3d 220, 224 (2d Cir. 2002) ("Rule 609(d) applies only to the use of juvenile adjudications for impeachment purposes and does not prevent their use to prove an issue in contention.") Defendants do not propose to offer such evidence for impeachment purposes or to attack credibility. Defendants intend to offer such evidence to refute Plaintiff's claims for lost wages and non-economic damages and the Court concludes that such evidence may be relevant to the issue of damages.

The fact that evidence may cast the Plaintiff in a bad light is not necessarily reason for its exclusion. *Doe v. Clairborne County, Tenn.*, 103 F.3d 495, 515 (6th Cir. 1996) ("Unfair prejudice' means the *undue* tendency to suggest a decision based on improper considerations; it 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence.'") (internal quotation marks and citation omitted) (emphasis in original). Evidence of Plaintiff's prior convictions and incarcerations could be relevant to Plaintiff's claim for damages, particularly his claim for lost wages and emotional damages. *See Clark v. W&M Kraft, Inc.*, 476 F. App'x 612, 617 (6th Cir. 2012) (finding that evidence of plaintiff's prior convictions, jail time, criminal history and failure to pay child support, was relevant to future earnings calculation); *Marzett v. Seatrade Reefer Chartering, N.V.*, No. 13-5270, 2015 WL 1415277, at *1 (E.D. La. March 27, 2015) (noting that "several courts have held that evidence of criminal convictions, imprisonment and drug abuse are relevant to the issues of future lost wages and employability") (citing *Clark, supra*); *Jackson v. Hoylman*, No. 92-3554, 1993 WL 501591, at *5-6 (6th Cir. 1993) (per curiam) (table case) (finding that plaintiff's damage claims for alleged unlawful arrest and excessive force put his physical and emotional condition directly at issue, and concluding that trial court did not abuse its discretion in admitting evidence of plaintiff's prior medical history and past encounters with law enforcement as

7

relevant to plaintiff's damage claims).

Again, because it is unclear what testimony and/or exhibits Defendants may seek to introduce at trial on these issues, the Court will defer ruling on specific evidence offered for this purpose until the damages phase of the trial. Accordingly, the Court DENIES Plaintiff's motion *in limine* to exclude this category of evidence. Such evidence will be admitted, if at all, only in the damages phase of the trial and of course remains subject to exclusion based upon the Court's determination of its probative value balanced against its prejudicial effect. *See* Fed. R. Evid. 404(b).

### IV. CONCLUSION

Accordingly, the Court:

1) ORDERS bifurcation of the liability and damages phases of the trial; and

2) GRANTS IN PART AND DENIES IN PART Plaintiff's motion *in limine*, deferring ruling on specific evidentiary matters until trial.

IT IS SO ORDERED.

Dated: JUN 2 6 2015

Paul D. Borman
United States District Judge

PURSUANT TO RULE 77 (d), FED. R. CIV. P. COPIES MAILED TO ATTORNEYS FOR ALL PARTIES ON June 26, 20 15

DEPUTY COURT CLERK